LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10002 GAF (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | Gwangju Cultural-Contents Investment Corporation v. K2 Advanced Media LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

**ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION**

On November 21, 2012, Plaintiff Gwangju Cultural-Contents Investment Corporation brought suit in this Court against Defendants K2 Advanced Media ("K2"), George G. Braunstein, and Britton Lee (collectively "Defendants"). (Docket No. 1 [Compl.].) Plaintiff asserts state law claims arising from the breach of an escrow agreement, invoking this Court's subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). (Compl. ¶¶ 1, 8.) However, the Court found that it could not conclude that jurisdiction existed on the basis of diversity of citizenship and issued an order to show cause. (Docket No. 12, [11/28/12 Order].) Plaintiff timely responded, attempting to adequately allege subject matter jurisdiction. (Docket No. 13, [OSC Response].) However, as set forth below, the Court still cannot presently determine the citizenship of all parties. Accordingly, Plaintiff is once again **ORDERED to show cause** why the Court should not dismiss this action for lack of subject matter jurisdiction.

The Court set forth the legal standard for subject matter jurisdiction in its November 28, 2012 Order, and will presume Plaintiff's familiarity with it. However, the Court will reiterate one legal standard here: "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

In its OSC Response, Plaintiff has adequately alleged its own citizenship and the citizenship of Defendants Braunstein and Lee. However, the Court finds that Plaintiff's allegation of citizenship regarding Defendant K2 is insufficient. Plaintiff states that K2 "is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10002 GAF (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | Gwangju Cultural-Contents Investment Corporation v. K2 Advanced Media LLC et al | | |

limited liability company organized and existing under the laws of the State of Delaware," and that "Lee is the only owner/member . . . ." (OSC Response at 4.) Plaintiff then goes on to support this assertion with "the Corporate Articles and Amendments on file with the Delaware Secretary of State . . . ." (Docket No. 13-1, [Declaration of Sonja Harrington ("Harrington Decl.")] ¶ 3.) From that information Plaintiff finds that "Lee is the only owner/member identified in the documents," and therefore must be "the sole owner/member of [K2]." (Id. ¶ 4.) The Court has no reason to believe that the documents Plaintiff attaches to support its allegation indicate that Lee is the only owner/member of K2. All the documents demonstrate is that Lee is an "Authorized Person" and a "Managing Member." (See Harrington Decl., Ex. 2.) Those titles are not necessarily exclusive and in any event have no apparent correlation to the number of owners/members.

Accordingly, the Court will give Plaintiff one more try to properly allege citizenship of K2. Plaintiff is hereby **ORDERED TO SHOW CAUSE no later than Friday, December 28, 2012** as to why the Court should not dismiss this action for lack of subject matter jurisdiction. Failure to respond by this deadline by properly alleging citizenship will be **deemed consent to dismissal**.

**IT IS SO ORDERED.**