**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LAWRENCE N. HALPERIN, ESQ.
SBN #97601
  E-Mail: lawrence.halperin@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Plaintiff Gwangju Cultural
-Contents Investment Corporation


TIMOTHY D. MCGONIGLE, ESQ.
SBN #115979
  E-Mail: tim@mcgoniglelaw.net
A Professional Corporation
233 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone: (310) 478-7110
Facsimile: (310) 440-8749

Attorneys for Defendants K2 Advanced Media, LLC and Britton Lee

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GWANGJU CULTURAL-CONTENTS INVESTMENT CORPORATION, a Korean corporation,<br><br>Plaintiff,<br><br>vs.<br><br>K2 ADVANCED MEDIA, LLC., a Delaware Limited Liability Company; BRITTON LEE, an individual; and DOES 1-10,<br><br>Defendants. | CASE NO. CV12-10002 GAF (PJW)<br><br>(Assigned to the Honorable Gary Allen Feess, Department 740)<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER RE INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION PURSUANT TO FEDERAL RULE OF EVIDENCE 502**<br><br>Complaint Filed: November 21, 2012<br><br>Trial Date: June 17, 2014 |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, Gwangju Cultural-Contents Investment Corporation, K2 Advanced Media, LLC, and Britton Lee (collectively, the "Parties"), by and through their attorneys, hereby stipulate, and the Court hereby Orders that all discovery and other materials exchanged by the Parties in the above-captioned action shall be subject to the following conditions:

1. **Necessity of Order**: The Parties have made certain requests for the production of documents and/or electronically stored information from each other, and have exchanged or intend to exchange certain documents and/or electronically stored information which may contain information subject to a claim of attorney-client privilege, work product protection, or other privileges and/or immunities applicable under state or federal law.

2. **Scope of Order**. This Order governs the use, handling, and return or destruction of documents, electronic information in any form (including embedded data and metadata) (collectively, "ESI"), testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced by any of the Parties in this action.

3. **No Waiver of Privilege**. To reduce the cost of preparing data for production in response to discovery requests and to eliminate unnecessary expense associated with meet and confer obligation preceeding law and motion, and pursuant to the provisions of Federal Rule of Evidence 502, as expanded by this stipulation and order, if information subject to a claim of attorney-client privilege, work product protection, or any other applicable privilege, immunity or confidentiality doctrine is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled. The Parties recognize that the terms of Federal Rule of Evidence 502 are limited to communications and information

subject to the attorney-client privilege or work-product protection, however the Parties hereby agree to extend the applicability of Rule 502 to information subject to a claim of any other applicable privilege in this action.  Specifically, no waiver of the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity shall have occurred where the Producing Party's production of the privileged, protected or immune information was inadvertent, and after such disclosure, took reasonable steps to rectify the error, as required by Federal Rule of Evidence 502 (information meeting these requirements shall be referred to herein as "Inadvertently Disclosed Material").

The Parties stipulate and the Court Orders that any Inadvertently Disclosed Material disclosed in connection with the instant proceeding and pursuant to this Order shall not constitute a waiver of any privilege, protection, or immunity, which would otherwise exist but for the inadvertent disclosure, for purposes of the instant litigation or any other state, federal, or administrative proceeding.  Subject to the provisions of Federal Rule of Evidence 502, any Inadvertently Disclosed Material shall be returned promptly to the Producing Party upon request and all copies destroyed.

4. **Modification of the Agreement**.  This Agreement shall not prevent a Party from applying to the Court for relief therefrom, or from agreeing to modifications of this Agreement by stipulation of the parties.

5. **Parties May Use Their Own Confidential Documents**.  Nothing in this Agreement shall affect a Party's use or disclosure of its own documents in any way.

6. **Violation of the Protective Order**.  The Court shall retain continuing jurisdiction over the enforcement of this Order and shall have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Order.

LEWIS BRISBOIS

1  IT IS SO ORDERED.

2

3  DATED: June 30, 2014_____         _____

4                                                              United States Magistrate Judge

Approved as to form and substance by:

DATED: May __, 2014  LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
LAWRENCE N. HALPERIN
Attorneys for Plaintiff Gwangju Cultural
-Contents Investment Corporation

DATED: May __, 2014  TIMOTHY D. MCGONIGLE PROF. CORP.

By: _____
TIMOTHY D. MCGONIGLE
Attorneys for Defendants K2 Advanced
Media, LLC and Britton Lee